UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| FREDDIE H. SIMMONS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:18-cv-00429 |
| | ) | |
| FRANKLIN COUNTY, et al., | ) | JUDGE CAMPBELL |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Freddie Simmons, Jr., an inmate of the DeBerry Special Needs Facility in Nashville, Tennessee, has filed a *pro se* complaint for alleged violation of his civil rights under 42 U.S.C. § 1983. (Doc. No. 1.) The Court is required to conduct an initial review of any complaint filed by a prisoner against a governmental entity or employee, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A

The Complaint (Doc. No. 1) names Franklin County and several of its law enforcement officers as defendants and alleges theft, excessive force, and false arrest by Officers Mantooth and Mitchell. (Doc. No. 1 at 1, 7.) Plaintiff acknowledges that he filed a previous lawsuit about "the same facts or circumstances," which was dismissed. (*Id.* at 2–3.) Indeed, the Court's records reflect that Plaintiff's current complaint is simply a reiteration of some, but not all, of the same allegations against the same defendants that the Court has already dismissed for failure to state a claim upon which relief could be granted. Memorandum Opinion, *Simmons v. McKay, et al.*, No. 3:18-cv-00121 at 2–3 (M.D. Tenn. April 23, 2018).

The United States Court of Appeals for the Sixth Circuit has held that it is proper for district courts to dismiss a complaint under 28 U.S.C. § 1915A when it is barred by the doctrine of res judicata, which the court has defined as follows:

> Res judicata, or claim preclusion, bars a subsequent action between the same parties or their privies based upon the same claims or causes of action that were or could have been raised in a prior action. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Kane* [*v. Magna Mixer Co.*], 71 F.3d [556] at 560 [(6th Cir. 1995)]. Res judicata applies when there is "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane*, 71 F.3d at 560.

*Johnson v. United States*, 37 F. App'x 754 (6th Cir. 2002).

The Court's previous dismissal of Plaintiff's claims for failure to state a claim under is a "judgment on the merits." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981). Each defendant named in the current complaint was also sued in Plaintiff's previous complaint, and Plaintiff has acknowledged that his claims are the same in both complaints. Accordingly, this action is barred by res judicata and is hereby **DISMISSED**.

Plaintiff has already been assessed a civil filing fee for these same claims upon a showing that he lacks sufficient funds to prepay the fee. Order, *Simmons v. McKay, et al.*, No. 3:18-cv-00121 (M.D. Tenn. April 23, 2018). Moreover, the state proceedings referenced in the previous lawsuit concerning the appointment of a conservator for Plaintiff and instances of forced mental health treatment raise some question about his understanding of the consequences of filing a new complaint in this Court. *See* Memorandum Opinion, *id.* at 7, 13. Accordingly, Plaintiff's application for leave to proceed *in forma pauperis* (Doc. No. 2) is **GRANTED**, and the Court declines to assess an additional fee at this time. Plaintiff is cautioned, however, that he will incur

an assessment of the civil filing fee pursuant to the PLRA for any further complaints he files in this Court.

Plaintiff's motion to appoint counsel (ECF No. 3) is **DENIED** as moot. Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE